**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

JENNIFER M.K.,

                      Plaintiff,

      v.                                                            1:23-CV-724
                                              (DJS)

MARTIN O'MALLEY[1],

                      Defendant.
_____

**APPEARANCES:**                                         **OF COUNSEL:**

DENNIS KENNY LAW                          JOSEPHINE GOTTESMAN, ESQ.
Attorney for Plaintiff
288 North Plank Road
Newburgh, New York 12550

U.S. SOCIAL SECURITY ADMIN.          HEETANO SHAMSOODAR, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley should be substituted for Kilolo Kijakazi as the Defendant in this action.

## <u>MEMORANDUM-DECISION AND ORDER</u>[2]

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 12, 16, 17. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is denied and Defendant's Motion is granted. The Commissioner's decision is affirmed and the Complaint dismissed.

## I. RELEVANT BACKGROUND

### A. Factual and Procedural Background

Plaintiff was born in 1974. Dkt. No. 8, Admin. Tr. ("Tr."), p. 239. Plaintiff reported that she completed high school. Tr. at p. 232. She has past work experience as a cashier, claims representative, and in food service. *Id.* Plaintiff alleges disability due to post thoracotomy pain syndrome, anxiety disorder, migraine headaches, hypertension, depression, diabetes, and arthritis. Tr. at p. 231. Plaintiff applied for disability insurance benefits in September 2020. Tr. at p. 62. She alleged a disability onset date of August 28, 2018, which was later amended to February 7, 2020. Tr. at pp. 12 & 64. Plaintiff's application was initially denied on March 31, 2021 and upon

---

[2] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 7 & General Order 18.

reconsideration on June 21, 2021, after which she timely requested a hearing before an Administrative Law Judge ("ALJ").  Tr. at pp. 97-102, 112-116, & 121-122.  Plaintiff and a vocational expert testified at a hearing before ALJ Laura Olszewski on February 7, 2022.  Tr. at pp. 34-61.  On July 19, 2022, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act.  Tr. at pp. 12-27.  On April 17, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  Tr. at pp. 1-6.

### B. The ALJ's Decision

In her decision, the ALJ made the following findings of fact and conclusions of law.  First, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2021.  Tr. at p. 15.  Second, the ALJ found that Plaintiff had not engaged in substantial gainful activity between her amended onset date and September 30, 2021.  *Id.*  Third, the ALJ found that Plaintiff had the following severe impairments: obesity, osteoarthritis of the right knee, right knee medial and lateral meniscus tear, status post right knee arthroscopy, carpal tunnel syndrome, post thoracotomy pain syndrome, migraines, generalized anxiety disorder, sarcoidosis, and ganglion of the wrist.  *Id.*  Fourth, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1.  Tr. at pp. 15-16.  Fifth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform less than the full range light work with the following additional limitations:

3

the claimant could lift and or carry twenty pounds occasionally and ten pounds frequently. She could sit for six hours in an eight-hour workday, and stand and or walk for six hours in an eight hour workday. She could occasionally climb ramps and stairs but never climb ladders and scaffolds. She could occasionally stoop, kneel, crouch and crawl. She could work in a low stress environment defined as occasional use of judgment, occasional decision-making, and occasional changes in work setting. She could have occasional interactions with supervisors, coworkers and the public. She could perform simple and routine tasks.

Tr. at p. 18.

Next, the ALJ found that Plaintiff was incapable of performing her past relevant work. Tr. at p. 25. However, the ALJ found that there was work, existing in sufficient numbers in the national economy that Plaintiff could perform. Tr. at pp. 25-26. Therefore, the ALJ found that Plaintiff was not disabled. Tr. at p. 26.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal

principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).  "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B. Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff makes several arguments in favor of remand.  First, she argues that the ALJ's RFC determination was not supported by substantial evidence.  Dkt. No. 12, Pl.'s Mem. of Law, pp. 19-23.  She then makes a related argument that as a result of the error in the RFC determination, answers provided by the vocational expert cannot be relied upon.  *Id.* at p. 23.  Finally, Plaintiff contends that the ALJ's Step Five determination is erroneous.  *Id.* at pp. 24-25.  In response, Defendant asserts that the ALJ properly evaluated the record and that the analysis and ultimate decision were both supported by substantial evidence.  Dkt. No. 16, Def.'s Mem. of Law, pp. 4-11.

### A. The RFC Determination

Residual functional capacity is defined as "'what an individual can still do despite his or her limitations . . .. Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis.'"  *Pardee v. Astrue*, 631 F. Supp. 2d 200, 210 (N.D.N.Y. 2009) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)).  "In making a residual functional capacity determination, the ALJ must consider a claimant's physical abilities, mental abilities, symptomology, including pain and other limitations which could interfere with work activities on a regular and continuing basis."  *Id.* (citing 20 C.F.R. § 404.1545(a)).  "Ultimately, '[a]ny impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the RFC assessment.'"  *Hendrickson v. Astrue*, 2012 WL 7784156, at *3 (N.D.N.Y. Dec. 11, 2012) (quoting

SSR 85-15, 1985 WL 56857, at *6 (Jan. 1, 1985)). The RFC determination "must be set forth with sufficient specificity to enable [the Court] to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

"[I]it is well-established that it is a plaintiff's burden to show that the ALJ committed legal error or failed to support his or her findings with substantial evidence." *Daniel E. v. Kijakazi*, 2022 WL 602533, at *10 (N.D.N.Y. Mar. 1, 2022); *see also Romak v. Colvin*, 2017 WL 923298, at *5 (N.D.N.Y. Mar. 7, 2017).  Here much of Plaintiff's arguments involve recitation of medical evidence that supports her view that she is unable to perform work at the level determined by the ALJ.  Pl.'s Mem. of Law at pp. 19-22.  Such an argument is insufficient to carry her burden.  As noted above, "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*.'" *Zacharopoulos v. Saul*, 516 F. Supp. 3d 211, 220 (E.D.N.Y. 2021) (quoting *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013)) (emphasis in original).  In addition, "Plaintiff's objection relates not to what evidence the ALJ considered, but how she weighed that evidence. To the extent Plaintiff's arguments ask the Court to do so, I decline the invitation to reweigh the evidence before the ALJ." *Shawn A. v. Kijakazi*, 2023 WL 2242085, at *4 (N.D.N.Y. Feb. 27, 2023).

The single specific objection lodged to the ALJ's finding – the purported failure to "review or take testimony on Plaintiff's demonstrated work-related limitations at the

hearing, including her demonstrated hand impairments," Pl.'s Mem. of Law at p. 22, is not a basis for remand. "In deciding whether the [ALJ's] conclusions are supported by substantial evidence, we must first be satisfied that the claimant has had a full hearing under the Secretary's regulations and in accordance with the beneficent purposes of the Act." *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990) (internal quotations and citations omitted). "The circumstances of each case dictate what information is relevant or necessary to fully develop the record." *Vittini v. Shalala*, 1995 WL 555757, at *4 (S.D.N.Y. Sept. 19, 1995) (internal quotations omitted).

In this case, unlike *Cruz*, Plaintiff had the assistance of a representative at her administrative hearing who could have asked Plaintiff questions about her hand impairments during the hearing. Tr. at pp. 34-61. In addition, "[i]t was not necessary for the ALJ to question plaintiff extensively, as almost all of the information necessary to [her] decision was previously provided in doctors' statements [and] treatment records." *Vittini v. Shalala*, 1995 WL 555757, at *4. Those records, as Plaintiff points out, extensively discussed issues related to her hand, Pl.'s Mem. of Law at p. 22 (citing Tr.), and the ALJ's decision discussed those records at length. Tr. at pp. 20-23. The record viewed as a whole does not reflect that the ALJ's determination was unsupported. For example, the ALJ found the opinion of Dr. Sheran, a treating provider, persuasive and that opinion noted no significant limitations with handling or fingering. Tr. at p. 547. The ALJ also favorably cited the consultative report of Dr. Jenouri that found Plaintiff "had intact hand and finger dexterity and full grip strength bilaterally." Tr. at

p. 22; *see also* Tr. at p. 404.  The ALJ's decision not to impose greater limitations on hand use was well-supported by these opinions.  It is well established that "the ALJ is free to resolve conflicts in the evidence and choose among properly submitted medical opinions."  *Brown v. Colvin*, 2013 WL 3384172, at *5 (N.D.N.Y. July 8, 2013).  She clearly did so here.

More generally, the Court notes that a review of the records demonstrates substantial evidence in support of the RFC determination here.  Substantial evidence supports the RFC finding when it derives from medical opinions relied upon by the ALJ.  *See*, *e.g.*, *Carl D. v. Comm'r of Soc. Sec.*, 2019 WL 1115704, at *6 (N.D.N.Y. Mar. 11, 2019).  Here, the ALJ discussed the medical record and numerous opinions in detail.  Tr. at pp. 18-25.  The specific limitations identified in the RFC find ample support in the record and were, in fact, often more limiting than some opinions indicated were necessary.  *See* Tr. at p. 24 (discussing findings of state agency consultants regarding mental limitations).  Given that, the Court finds that Plaintiff has failed to demonstrate that the RFC finding was not supported by substantial evidence.

## B. The Step Five Determination

At Step Five, the ALJ found Plaintiff could perform a number of different jobs existing in the national economy.  Plaintiff contends that this was error because the ALJ improperly relied on the Dictionary of Occupational Titles ("DOT") which is, in her opinion, outdated.  Pl.'s Mem. of Law at p. 24.  Instead, Plaintiff contends that the ALJ should have relied upon a different guide to occupational capabilities – the O*NET.  *Id.*

10

at pp. 24-25.  And, using that source, Plaintiff contends, she could not perform the jobs identified by the ALJ.  *Id.* at p. 25.  This claim is not a basis for remand.

The DOT "remains an accepted vocational resource per Social Security Administration policy."  *Waldvogel v. Comm'r of Soc. Sec.*, 2017 WL 3995590, at *14 (N.D.N.Y. Sept. 11, 2017).  And "Plaintiff does not point to any caselaw from within the Second Circuit holding the VE's reliance on the DOT's job descriptions is improper."  *Strong v. Berryhill*, 2019 WL 2442147, at *6 (W.D.N.Y. June 12, 2019).  In fact, numerous courts have rejected the notion that ALJs must discount the DOT in favor of O*NET.  *See*, *e.g.*, *Dennison v. Berryhill*, 2019 WL 2088506, at *9 (W.D.N.Y. May 13, 2019) (citing cases); *Ryan v. Astrue*, 650 F. Supp. 2d 207, 218 (N.D.N.Y. 2009).  The Court finds the reasoning in these decisions persuasive, particularly because "unlike the DOT, O*NET does not appear in the Social Security Rulings as an approved source nor one with which the VE's testimony must be consistent."  *Strong v. Berryhill*, 2019 WL 2442147, at *6 (W.D.N.Y. June 12, 2019).

Despite not raising this issue in its opening brief, Plaintiff's Reply Brief suggests that the error at Step Five is not reliance on the DOT, but that the jobs identified by the ALJ could not, in fact, be performed by Plaintiff.  Dkt. No. 17 at pp. 6-7.[3]  This is also not a basis for remand.  The vocational expert specifically testified that a person with the RFC identified by the ALJ could perform the jobs at issue, officer helper, mail clerk,

---

[3] Plaintiff's Motion clearly does make the argument that reliance on the DOT was error.  Pl.'s Mem. of Law at p. 24.

and marker.  Tr. at p. 56.  "The ALJ may rely on such testimony from the VE." *Kelly D. v. Saul*, 2019 WL 6683542, at *5 (N.D.N.Y. Dec. 6, 2019).

> When utilizing a VE, the ALJ poses hypothetical questions which must reflect the full extent of the claimant's capabilities and impairments to provide a sound basis for the VE's testimony. When a hypothetical question meets that requirement, and is supported by substantial evidence, VE testimony suffices as substantial evidence to support a step five finding.

*Boyer v. Berryhill*, 2017 WL 1207833, at *5 (N.D.N.Y. Mar. 31, 2017) (citations omitted).  As noted above, the ALJ's RFC, which formed the basis for the hypothetical, was supported by substantial and so the VE's testimony provides substantial evidence in support of the Step Five determination.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion denying Plaintiff disability benefits is **AFFIRMED** and the Complaint is **DISMISSED**; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: March 27, 2024
        Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge